```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN BELL,                                                    AMENDED COMPLAINT

        Plaintiff,
                                                                16 CIV. 157 (PGG)
    -v-

CITY OF NEW YORK, UC Officer C0072,                             JURY TRIAL DEMANDED
UC Officer 0032, Detective Abreu,

        Defendants.
------------------------------------------------------------X
```

## NATURE OF ACTION

1.  This action is brought by Plaintiff to recover damages for the defendants' violations of Plaintiff's civil rights.

## THE PARTIES

2.  Plaintiff is a resident of Bronx, New York.

3.  The City New York is a municipal corporation whose residence is in all five counties of New York City, including New York County.

4.  Defendant UC C0072 and Detective Abreu are employees of the New York City Police Department; their residences are unknown. The Does are also Police Officers.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6.  Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 6

1

as if fully set forth herein.

8.    On or about April 24, 2015 at approximately 11:40 AM at 124th and Lexington Avenue, County of New York, State of New York, and plaintiff was returning from a visit with her mother and on her way to a clinic in Bronx for blood work. She is formerly Carmen Rivera.

9.    She was observing all laws of the United States, New York State and New York City.

10.   She was waiting for a van to take her to the clinic. Upon information and belief, entrepreneurs who own vans can sign up with Medicaid to transport its recipients to doctors' appointments and be reimbursed by Medicaid. To use the van service one must be on Medicaid.

11.   The driver of the van asked to use plaintiff's phone on the pretext that his battery wasn't working to call and check to see if her Medicaid card was active. She had no choice but to comply with the request, because otherwise the driver wouldn't take her to the clinic.

11.   UC 00072 and his "ghost" UC 0032 entered the van and asked plaintiff to exit the vehicle, which she promptly did.

12.   UC 0072 asked her to leave because he knew that plaintiff was not in the van to conduct a drug deal

13.   Perhaps the driver was. Plaintiff does not know at this time.

14.   Plaintiff went into a bodega and waited a few minutes while her Medicaid eligibility was being checked.

15.   While waiting, several police officers – undercover and in uniform - descended upon the scene, one of whom, upon information and belief was defendant Abreu

16.   Plaintiff was worried about her phone and exited the bodega. She was immediately arrested with several others.

2

17. Her arrest, at a minimum was without probable cause. She might have been present when others were engaged in illegal activity, but that is not probable cause.

18. She was charged with felonious possession of illegal drugs, and held at Riker's on bail that she could not afford. She had no one to feed her cats, which distressed her significantly during her stay at Riker's.

19. She passed out while in Riker's because of elevated blood pressure and was given two different blood pressure medications. She is obese and suffers from high blood pressure among other maladies, including bi-polar disorder.

20. At one point, she was threatened by inmates, on or about April 27, 2015; although she was not attacked, she was afraid for her safety, exacerbating and setting off a bi-polar attack.

21. While making court appearances, her attorney demanded cross grand jury notice and she testified in her own defense – a rare thing.

22, She truthfully told this series of events to the grand jury, and it returned a "no true bill," a further rarity.

23. Since being released, she has learned that UC 72 has misidentified at least five individuals who have be released because of his flawed identifications.

24. Nevertheless, her case proceeded on a misdemeanor complaint.

25. Upon information and belief, the Manhattan DA's office will never expose an undercover in open court to obtain a misdemeanor conviction. There are constitutional issues involved in closing the courtroom. If the judge fails to make certain findings before she closes the courtroom, she can be reversed. If she does not close the courtroom, the UC's identity is open for any member of the public to walk in and identify because he must expose himself to the

defendant under the confrontation clause.

26. In other words, it simply is not worth it for the DA to put a UC on the stand to obtain a misdemeanor, but the Manhattan DA did not dismiss. It kept waiting for some type of please until 11/9/2015, when it conceded it had done nothing to be ready for trial. By then, plaintiff had made many appearances in court.

27. In between the time of the arrest and the dismissal, plaintiff was taken to the Lincoln and Bronx Lebanon Hospitals several times because of her belief of elevated blood pressure. She attributes this to her arrest and the criminal proceedings. It turns out that the symptoms she experienced mimicked heart attack and may have been merely indigestion; nevertheless, they were significant and she thought them a symptom of heart attack. As a woman pre-disposed to emotional distress, it was severely exacerbated during this period and she now sues for redress.

## FIRST CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT
## 42 U.S.C. § 1983

28. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants acted under color of state law.

30. Defendants caused plaintiff to be falsely, maliciously and unlawfully arrested and Plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

31. As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

## SECOND CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT

32. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if

fully set forth herein.

33.     Defendants caused plaintiff to be falsely, maliciously and unlawfully arrested and Plaintiff was deprived of her rights at common law and as secured by the Constitution of the State of New York.

34.     As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

THIRD CAUSE OF ACTION
FAILURE TO INSTRUCT, SUPERVISE, CONTROL & DISCIPLINE DIRECTED AGAINST THE CITY OF NEW YORK AND COGNIZABLE UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

37.     Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from:

    a. unlawfully seizing individuals present at the scene of the crime without probable cause or any reasonably articulable suspicion that that individual had committed any crime;

b.   training officers to arrest based on quotas;

c.   maintaining a "blue wall of silence" as the phrase is commonly known and officers never protecting citizens against the misdeeds of other officers;

d.   failing to discipline repeat offenders, such as UC 72, not only sued, but his arrests turned down by the DA's office several times for improper police work.

38.   The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

39.   As a result of the foregoing, plaintiff was deprived of her right to be secure in her person, against unreasonable seizure of her person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

FOURTH CAUSE OF ACTION
MALICIOUS PROSECUTION
42 U.S.C. § 1983

40.   Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

41.   Acting under color of state law, defendants brought charges against plaintiff without probable cause, initially or at such time as it should have known there was no probable cause.

42.   As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

FIFTH CAUSE OF ACTION
MALICIOUS PROSECUTION

43. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

44. Acting under color of state law, defendants brought charges against plaintiff without probable cause, initially or at such time as it should have known there was no probable cause.

45. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

SIXTH CAUSE OF ACTION
FAILURE TO PROTECT
42 U.S.C. § 1983

46. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

47. UC 32, and, depending on what he knew at the time, Detective Abreu, failed to protect plaintiff from false arrest when they knew she did nothing wrong.

48. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

WHEREFORE, Plaintiff demands as follows:

    A. Compensatory damages;

    B. Punitive damages;

    C. Cost of suit and attorney's fees pursuant to 42 U.S.C. § 1988;

    D. Such other relief as may be just and proper.

Dated: New York, New York
       March 20, 2017

      /s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
275 Seventh Avenue, Suite 705
New York, NY 10001

7